FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2020 JUN 17 PM 5: 52

UNITED STATES OF AMERICA

v.

GEORGE POULO

CASE NO. 6:20-cr-50-Orl-40DCI
18 U.S.C. § 2251(a)
18 U.S.C. § 2252A(a)(2)

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about February 3, 2020, in the Middle District of Florida, and elsewhere, the defendant,

**GEORGE POULO,**

did employ, use, persuade, induce, entice, and coerce a minor, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction, AfwuATiO2gBrAeFLyg4EccUGczxy_JPEGThumbnail.jpeg, was actually transported and transmitted using any means and facility of interstate and foreign commerce.

All in violation of 18 U.S.C. § 2251(a) and (e).

### COUNT TWO

On or about February 3, 2020, in the Middle District of Florida, and elsewhere, the defendant,

**GEORGE POULO,**

did employ, use, persuade, induce, entice, and coerce a minor, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction, AY+doAhzs1fy_z3oJJuLRWwKM6Vy_JPEGThumbnail.jpeg, was actually transported and transmitted using any means and facility of interstate and foreign commerce.

All in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT THREE

On or about February 3, 2020, in the Middle District of Florida, and elsewhere, the defendant,

**GEORGE POULO,**

did employ, use, persuade, induce, entice, and coerce a minor, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction, AdnMXn6mOdvS8h8zTD_D8N4nNjUc_JPEGThumbnail.jpeg, was actually transported and transmitted using any means and facility of interstate and foreign commerce.

All in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR

On or about February 3, 2020, in the Middle District of Florida, and elsewhere, the defendant,

**GEORGE POULO,**

did employ, use, persuade, induce, entice, and coerce a minor, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction, AUARAi2bKu0ZgNBmcaBt2MXLXr_I_JPEGThumbnail.jpeg, was actually transported and transmitted using any means and facility of interstate and foreign commerce.

All in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FIVE

On or about February 3, 2020, in the Middle District of Florida, and elsewhere, the defendant,

**GEORGE POULO,**

did employ, use, persuade, induce, entice, and coerce a minor, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction, AbfTL3zzcQrPsTM4ZpIWlgVgbSJC_JPEGThumbnail.jpeg, was actually transported and transmitted using any means and facility of interstate and

foreign commerce.

All in violation of 18 U.S.C. § 2251(a) and (e).

## COUNT SIX

On or about February 4, 2020, in the Middle District of Florida, and elsewhere, the defendant,

**GEORGE POULO,**

did knowingly distribute child pornography, that is, a visual depiction of a minor engaging in sexually explicit conduct, that had been shipped and transported using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

## FORFEITURE

1. The allegations contained in Counts One through Six are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. §§ 2251(a) and/or 2252A(a)(2), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251,

2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

      b.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

      c.    Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.    The property to be forfeited includes, but is not limited to, the following: an Apple iPhone 11X, serial number DNQXN6PEKX.

4.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Shawn P. Napier
Assistant United States Attorney

By: _____
Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

GEORGE POULO

**SUPERSEDING INDICTMENT**

Violations:  18 U.S.C. § 2251 (a)
18 U.S.C. § 2252A(a)(2)

A true bill,

_____
Foreperson

Filed in open court this 17th day of June, 2020.

_____
Clerk

Bail $_____